UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEUROLOGICAL SURGERY PRACTICE OF LONG ISLAND, PLLC<br>Plaintiff,<br>-against-<br><br>UNITEDHEALTHCARE INSURANCE COMPANY OF NEW YORK, INC.; OXFORD HEALTH PLANS (NY), INC. UNITEDHEALTHCARE INSURANCE COMPANY; AND UNITED MEDICAL RESOURCES, INC<br>Defendants. | Case No.:<br><br>**<u>NOTICE OF REMOVAL</u>** |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:

PLEASE TAKE NOTICE that Defendants UnitedHealthcare Insurance Company of New York, Inc. ("UHNY"), Oxford Health Plans (NY), Inc. ("Oxford"), UnitedHealthcare Insurance Company ("UHIC"), and UMR, Inc. s/h/a United Medical Resources, Inc. ("UMR") (collectively, "Defendants") remove the above-entitled action filed by Plaintiff, Neurological Surgery Practice of Long Island, PLLC (collectively "Plaintiffs"), presently of record at Index No. 613528/2024 in the Supreme Court of the State of New York, County of Nassau, to this Court pursuant to 28 U.S.C. §§1331 and 1441(a). In support of removal, Defendants would show unto the Court as follows:

1. On or about August 1, 2024, Plaintiff initiated this case by filing a Summons and Complaint in the Supreme Court of the State of New York, County of Nassau, captioned *Neurological Surgery Practice of Long Island, PLLC v. UnitedHealthcare Insurance Company of New York, Inc., Oxford Health Plans (NY), Inc., UnitedHealthcare Insurance Company, and United Medical Resources, Inc.*, Index No. 613528/2024 (the "State Court Action"). A copy of the Summons and Complaint is attached hereto as **<u>Exhibit 1</u>**.

2. Plaintiff served the Summons and Complaint on: (1) Defendants UHNY and Oxford on August 7, 2024; (2) Defendant UHIC on August 8, 2024; and (3) Defendant UMR on August 16, 2024. Copies of the affidavits of service and all documents served on the Defendants in the State Court Action are attached hereto as **Exhibit 2**.

3. Pursuant to 28 U.S.C. §1446(a), no other process, pleadings, or orders have been served on the Defendants in the State Court Action.

**THIS ACTION IS REMOVABLE ON THE BASIS OF FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C.§§1331 and 1441(a)**

4. This case is removable to federal court because Plaintiff's claims in the Complaint give rise to jurisdiction under 28 U.S.C. §§1331 and 1441(a) because the action raises a federal question that is necessarily raised, actually disputed, substantial, and capable of resolution in federal court without disrupting the federal-state balance approved by Congress. As such, the Court has federal question jurisdiction over this matter under 28 U.S.C. §§1331 and 1441(a).

5. This Court has jurisdiction over claims that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. §1331. Under the "well-pleaded complaint rule," federal question jurisdiction exists only when "the plaintiff's well-pleaded complaint raises issues of federal law." *Montefiore Medical Center v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011) (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)).

6. A corollary to the well-pleaded complaint rule – the "artful pleading" rule – provides that "[w]here a plaintiff asserts no federal cause of action on the face of the complaint, the state action may nevertheless be removed to federal court where 'the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *New York City Health and Hosps. Corp. v. WellCare of New York Inc.*, 769 F. Supp. 250, 255 (S.D.N.Y. 2011) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)); *see also, Romano v. Kazacos*, 609 F.3d 512, 518-19 (2d Cir. 2010) (artful pleading rule applies when a plaintiff "clothes federal law claims in state garb" by pleading state

law claims that actually arise under federal law). This basis for federal question removal exists where the "complaint sets forth a substantial question of federal law sufficient to warrant removal." *Id.* (citing *Grable & Sons Metal Products v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005)).

7. To show federal question jurisdiction exists based on a substantial question of federal law, the removing party must show that the state-law claims in the complaint (1) necessarily raise a stated federal issue, (2) which is actual and disputed, and (3) which a federal forum can entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. *Id.*; *see also Broder v. Cablevision Systems Corporation*, 418 F.3d 187 (2d Cir. 2005).

8. The foregoing requirements for showing a substantial question of federal law giving rise to federal jurisdiction under Section 1331 are met in this case.

9. First, each of Plaintiff's claims necessarily state and raise a federal issue. Specifically, each of Plaintiff's claims are premised on the No Surprises Act ("NSA"), Public Law No. 116-260. (Compl. ¶14) ("[Plaintiff's] provision of these services since January 1, 2022, in many cases has been governed by the provisions of the No Surprises Act, Public Law No. 116-260.").

10. Plaintiff asserts that the NSA establishes a federal independent dispute resolution ("IDR") process to determine the out-of-network rate for emergency services and non-emergency items and services furnished by non-participating providers during a visit to a health care facility when a "specified state law" does not apply. (Compl. ¶17 (citing 42 U.S.C. § 300gg-111)).

11. Since the NSA became effective on January 1, 2022, Plaintiff's reimbursement for the services allegedly unpaid by Defendants have been governed by the NSA. (*Id.* at ¶18). When Plaintiff has disagreed with the initial reimbursement allocated by Defendants for the provision of health care services, Plaintiff has "pursued its right to have this disagreement adjudicated by the Act's independent dispute resolution process, established by 42 U.S.C. § 300gg-111(c)(2)." (*Id.* at ¶ 18). Plaintiff alleges that it has a "right" to the reimbursement under the IDR process "in accordance with 42 U.S.C. §

300gg-111(c)(5)(A)." (*Id.* at ¶¶ 21-23). Indeed, Plaintiff alleges that it has a "legal possessory right or interest in the additional reimbursement awarded … in connection with each of the IDR determinations." (*Id.* at ¶ 35).

12. Second, the foregoing federal issues are substantial and disputed. As an initial matter, the Defendants dispute that Plaintiff has a private right of action to enforce the provisions of the NSA, including the IDR process. *See Guardian Flight LLC & Med-Trans Corp. v. Health Care Serv. Corp.*, 2024 WL 2786913 (N.D. Tex. May 30, 2024) (finding there is no cause of action for health providers to enforce awards under the NSA's IDR process). Moreover, the Defendants dispute that Plaintiff has a right to enforce or confirm an award under the NSA's IDR process. *See Med-Trans Corp. v. Capital Health Plans, Inc.*, No. 22-cv-1077 TJC-JBT, 2023 WL7188935 (M.D. Fla. Nov. 1, 2023); *Guardian Flight, LLC, et al. v. Aetna Health Inc.*, No. 22-cv-03805-AHB, 2024 WL 484561 (S.D. Tex. Jan. 6, 2024).

13. Third, the Court can exercise jurisdiction here without disturbing any congressionally approved balance of federal and state judicial responsibilities. Here, the complex regulatory and IDR process under the NSA is at the forefront of this dispute. Such a regulatory scheme requires a degree of national uniformity that a federal court can provide.

14. For the foregoing reasons, the Complaint raises a substantial question of federal law that gives rise to jurisdiction under 28 U.S.C. § 1331, and thus, this case is properly removable on those grounds.

15. Pursuant to 28 U.S.C. § 1441(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

16. Thus, this Court has supplemental jurisdiction over any otherwise non-removable at-issue claims and/or causes of action and may determine all issues therein. Likewise, the Court can and

should exercise supplemental jurisdiction under 28 U.S.C. §1367 over any such claims. Accordingly, this Court has jurisdiction over this entire action, and removal of the entire action is proper even when removable claims are joined with non-removable claims.

17. Defendants reserve the right to file additional support for this Notice of Removal by way of affidavits, deposition testimony, expert testimony, discovery responses, supplemental memoranda, and legal argument.

**VENUE**

18. The Supreme Court of New York, Nassau County, is located within the Eastern District of New York. Accordingly, removal to this Court complies with the venue requirements of 29 U.S.C. §1446(a).

**TIMELY NOTICE OF REMOVAL**

19. This Notice of Removal is timely filed in accordance with 28 U.S.C §1446(b)(1) because the earliest date on which the last served Defendant UMR was served with process was on August 16, 2024 and the other Defendants (represented by the undersigned counsel) consent to the removal. *See* Ex. B; *see also Gallagher v. Boehringer Ingelheim Pharms., Inc.*, No. 22-CV-10216 (LJL), 2023 WL 402191, at *8 (S.D.N.Y. Jan. 25, 2023); *Barnhart v. Federated Department Stores, Inc.*, 2005 WL 549712, at *6 (S.D.N.Y. Mar. 8, 2005) ("[D]istrict courts in this Circuit have generally applied the last-served defendant rule, in which defendants have thirty days from the date that the last defendant is served to file a notice of removal."); *Struggs v. City of New York*, 146 F. Supp.3d 461, 463 (E.D.N.Y. 2015) (same).

**CONSENT OF OTHER DEFENDANTS NOT APPLICABLE**

20. The consent requirement of 28 U.S.C §1446(b)(2)(A) is satisfied as counsel for the undersigned represents all Defendants in this action (*i.e.*, Oxford, UHNY, UHIC and UMR) and all Defendants consent to the removal of this action to the United State District Court for the Eastern District of New York.

**NOTICE OF FILING REMOVAL NOTICE**

21. The written notice required pursuant to 28 U.S.C. §1446(d) will be timely filed in the Supreme Court of the State of New York, Nassau County and served upon Plaintiff.

**RESERVATION OF RIGHTS**

22. Defendants expressly reserve their right to assert any and all available legal defenses, including the right to assert such defenses in subsequent proceedings. Further, Defendants do not admit any allegations in Plaintiff's Complaint.

**EXECUTION UNDER FED. R. CIV. P. 11**

23. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. §1446(a).

**PRAYER**

WHEREFORE, Defendants respectfully request that the State Court Action be removed to the United States District Court for the Eastern District of New York pursuant to 28. U.S.C. §§1441 and 1446.

Dated: September 11, 2024

Respectfully Submitted,

By: *_/s/Matthew P. Mazzola_*
Matthew P. Mazzola
ROBINSON & COLE LLP
Chrysler East Building
666 Third Ave., 20th Floor
New York, NY 10017
Main (212) 451-2900
Facsimile (212) 451-2999
*Attorneys for Defendants UnitedHealthcare Insurance Company of New York, Inc. Oxford Health Plans (NY), Inc., UnitedHealthcare Insurance Company, and UMR, Inc. s/h/a United Medical Resources, Inc.*

To: Roy W. Breitenbach, Esq.
Harris Beach PLLC
The Omni, 333 Earle Ovington Blvd, Suite 901
Uniondale, New York 11553
*Attorneys for Plaintiff, Neurological Surgery Practice Of Long Island, PLLC*